IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff | : |
| v. | : Civil No. 8:13-cv-01697-AW |
| One 2007 Harley Davidson Street Glide Motorcycle VIN 1HD1KB41907V722798, et.al. | : : |
| Defendants | : |

### MEMORANDUM IN OPPOSITION TO GOVERNMENT RESPONSE

The essence of the Government argument against the motion to dismiss filed by Claimants, Robert S. Grieninger, and his wife, Karen E. Grieninger, is that special equitable considerations require the court to toll the statute of limitations period prescribed by 18 U.S.C. §983(a)(3). Those considerations are that the filing was only one day late which should be excused because the Claimants suffered no prejudice.

In *John R. Sand & Gravel, Co. v. United States*, 552 U.S. 130 (2007), the Court distinguished between the historic statutes of limitations designed to protect defendants against stale claims from those designed to achieve a broader system-related goal, such as facilitating the administration of claims. *Id.*, at 133. Speaking for the Court, Justice Breyer said:

> "The Court has often read the time limits of these statutes as more absolute, say, as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. [citations omitted]. As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as 'jurisdictional.'" *Id.*

Congress granted the Government 90 days in which to decide and act on its decision to file a forfeiture proceeding; it did not give it 91 days. After 90 days the Government was without the power to sue for forfeiture with the consequence that this Court no longer has jurisdiction to entertain the Government's claim.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed. 2d 435 (1990), the Court was faced with an EEO suit filed by a private claimant 44 days after the statutory deadline. After discussion of the concept of "equitable tolling" applicable to some statutes of limitation, the Court held:

> "We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.
>
> But an examination of the cases in which we have applied the equitable tolling doctrine as between private litigants affords petitioner little help. Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, [footnote omitted] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. [footnote omitted] We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)."

The Court properly summed up the situation faced by the Government in the instant case when it said:

> "Petitioner urges that his failure to file in a timely manner should be excused because his lawyer was absent from his office at the time that the EEOC notice was received, and that he thereafter filed within 30 days of the day on which he personally received notice. But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Id.*

After *Irwin*, the Court of Appeals for this Circuit, also limited the equitable tolling principle to situations when the "defendant misled or deceived the plaintiff in order to prevent the plaintiff either from discovering the existence of a cause of action or from filing a timely claim." *Hinton v. Richard Cheney, Secretary of Defense*, 9 F.3d 1543 (4th Cir. 1993)  The combined effect of the above cited cases is to require dismissal of the Government action in this case.

_____
WILMER R. TICER
Attorney for Claimants
5875 Crain Highway, Suite 100
La Plata, Maryland 20646
Bar No. 00590
301-392-1011